IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JASON ALLAN OJENA, | § | |
| TDCJ No. 1514167, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:22-cv-304-E-BN |
| V. | § | |
| | § | (Consolidated with: |
| DIRECTOR, TDCJ-CID, | § | No. 3:22-cv-305-E-BK; |
| | § | No. 3:22-cv-306-E-BK; |
| Respondent. | § | No. 3:22-cv-307-E-BN) |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

The Court therefore TRANSFERS Petitioner's unauthorized successive 28 U.S.C. 2254 habeas applications to the United States Court of Appeals for the Fifth Circuit for appropriate action.

And, because the Court is transferring the applications to the Fifth Circuit, a certificate of appealability (COA) is not necessary. *See United States v. Fulton*, 780 F.3d 683, 688 (5th Cir. 2015) ("[A] transfer order under 28 U.S.C. § 1631 is not a final order within the meaning of § 2253(c)(1)(B), and the appeal of such an order does not require a COA."); *Guel-Rivas v. Stephens*, 599 F. App'x 175, 175 (5th Cir. 2015) (per

curiam) (applying *Fulton*'s holding to transfer of a successive Section 2254 application).

SO ORDERED this 9th day of March, 2022.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE